**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **KEVIN RAY SYKES, ID # 1337675,** ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:13-CV-3875-K (BH) |
| ) | |
| **JOHN RUPART, Warden,** ) | Referred to U.S. Magistrate Judge |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is John Rupart, the warden of his prison unit.

On November 2, 2005, the petitioner was convicted of aggravated assault in Cause No. 29,885 in the 13th District Court in Navarro County, Texas, and sentenced to twenty-five years imprisonment. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search petitioner's inmate records). He appealed his conviction and sentence, and the Tenth District Court of Appeals affirmed the conviction and sentence in an unpublished opinion on September 20, 2006. *Sykes v. State*, No. 10-05-00423-CR (Tex. App. – Waco, Sept. 20, 2006, no pet.). He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[1]

The petitioner filed a state writ challenging his conviction on January 19, 2013, and it was

---

[1] Petitioner did file a motion for an extension of time to file a PDR, which was received by the Court of Criminal Appeals on January 9, 2013, and denied that same day. *See* PD-0017-13 (Tex. Crim. App. Jan. 9, 2013).

denied on its merits without a written order on May 8, 2013. (Pet. at 4); *see also Ex parte Sykes*, No. WR-79,387-01 (Tex. Crim. App. May 8, 2013). He mailed his federal petition on August 22, 2013. (Pet. at 10).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, the petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

The petitioner did not file a PDR with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal, on October 20, 2006. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). The facts supporting his first, third, and fourth grounds for relief, in which he alleges that his trial counsel was ineffective and that he was denied his due process rights at trial, became known or could have become known prior to this date. For these claims, the statute of limitations is calculated from October 20, 2006, as provided by § 2244(d)(1)(A). His August 22, 2013, federal petition is therefore untimely with respect to these claims.[2]

In his second ground for relief, Petitioner asserts that appellate counsel was ineffective by failing to inform him that his conviction had been affirmed on direct appeal, and he was therefore unable to file a timely PDR. (Pet. at 6). Under § 2244(d)(1)(D), the statute of limitations would therefore begin to run on the date on which he should have known, with the exercise of due diligence, the facts supporting his claims. With his federal petition, the petitioner included documents and a sworn affidavit indicating that he first contacted the Tenth Court of Appeals about the status of his direct appeal on October 30, 2012, and that he was informed by letter dated November 19, 2012, that his conviction had been affirmed. (Pet. at 25, Ex. 2). Because the petitioner waited six years before contacting the state appellate court regarding his direct appeal, he has not shown that he acted with due diligence regarding his right to file a PDR. *Johnson v. United States*, 544 U.S. 295, 308 (2005) ("[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

to realize" that he should act.). Due diligence required him to act to inquire about the facts supporting his claim well before the six-year mark. Therefore, his August 22, 2013, federal petition is also untimely with respect to this ground for relief.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired well before the petitioner's filed his state writ or his federal petition. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional

circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, the petitioner presented no argument or evidence that he was prevented from filing either his state writ or his federal petition earlier. As noted, he does assert that he was never informed by his state appellate counsel that his direct appeal had been affirmed on October 20, 2006. However, he also acknowledges that he did not contact the state appellate court until six years later to inquire about the status of his appeal. (Pet. at 25). Furthermore, after he was informed in November of 2012, that his conviction had been affirmed, he waited until January of 2013 to file a state writ application, and after that was denied in May of 2013, he waited until August 22, 2013, to file a federal writ petition. The petitioner has therefore not demonstrated the due diligence required for equitable tolling of the statute of limitations. Therefore, his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 25th day of September, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE